**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

VESTER L. FLANAGAN,

      Plaintiff,              Lower Case No.  00-418

vs.                      Case No. _4: 00CV121-WS_

WTWC-TV, INC.,

      Defendant.

_____/

### NOTICE OF REMOVAL

      **COMES NOW** Defendant, **WTWC-TV, INC.**, by and through its undersigned counsel and files this Notice of Removal pursuant to 28 U.S.C. §1446 and as grounds therefore would:

      1.  Plaintiff has filed the attached action pursuant to 42 U.S.C. §1981 for race discrimination and retaliation in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case No. 00-418. As alleged in the Amended Complaint, Defendant is a Maryland corporation and Plaintiff is a resident of Leon County, Florida.

CLERK OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

00 MAR 31 PM 2: 22

- 1 -

2. Plaintiff has initiated a civil action in which the District Courts have original jurisdiction under the laws of the United States. 28 U.S.C. §1343(a)(4). Furthermore, Plaintiff as a Florida resident has initiated an action against a foreign corporation, thus creating diversity jurisdiction. 28 U.S.C. §1332. In addition, Defendant believes that the matter in controversy as alleged by the Plaintiff will exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

3. Attached hereto is a copy of the Summons and Amended Complaint filed by the Plaintiff in this action, along with the Answer and Affirmative Defenses filed by the Defendant.

**RESPECTFULLY SUBMITTED**, this <u>31st</u> day of March, 2000.

GARDNER, SHELFER, DUGGAR,
BIST & WIENER, P.A.

MICHAEL P. BIST
1300 Thomaswood Drive
Tallahassee, Florida 32312
(850) 385-0070
FL Bar Id No.: 0306681

Attorneys for Defendant

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that at true and correct copy of the foregoing has been furnished by United States Mail to **MARIE A. MATTOX**, 310 East Bradford Road, Tallahassee, Florida 32303, on this 31st day of March, 2000.

MICHAEL P. BIST

3

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**VESTER L. FLANAGAN,**

      Plaintiff,

      vs.

**WTWC-TV, INC.,**

      Defendant.

_____/

Case No. :00-418

CHARLIE EARNEST

# Summons

ROBERT J. WOOTEN ID #052  JAKE LORD ID #067
CERTIFIED PROCESS SERVER
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 3-9-00  TIME 1:20 PM

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      WTWC, INC.
      c/o Corporate Service Company, Registered Agent
      1201 Hays Street
      Tallahassee, FL 32301-2525

      Each defendant is required to serve written defenses to the complaint or petition on **Mattox & Hood, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on ___March 3___, 2000.

              CLERK OF THE CIRCUIT COURT

              By: Robert D. Davis
              Deputy Clerk.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**VESTER L. FLANAGAN,**

      Plaintiff,

vs.

**WTWC-TV, INC.,**

      Defendant.

_____/

CASE NO.: 00- *418*
FLA BAR NO. 0739685

00 FEB 10 PM 5: 34
CLERK CIRCUIT COURT
LEON COUNTY FLORIDA

## COMPLAINT

Plaintiff, VESTER L. FLANAGAN hereby sues WTWC-TV, INC., and alleges:

1.    This is an action brought pursuant to 42 U.S.C. §1981 for race discrimination and retaliation.

2.    This is an action for damages that exceed Fifteen Thousand Dollars (15,000.00).

3.    Damages together with declaratory, injunctive, and equitable relief are sought under the law set forth herein. Costs and attorneys fees may be awarded under these laws as well.

4.    Plaintiff, VESTER L. FLANAGAN, is a member of a class protected by law because of his race, black. He is also a member of a protected class because he complained of unlawful employment practices in the workplace and was the victim of retaliation thereafter. At all times pertinent hereto, Plaintiff has been a resident of Leon County, Florida.

5.    At all times pertinent hereto, Defendant, WTWC-TV, INC., was organized and existing under the laws of the State of Maryland but was conducting business in Leon County, Florida.

6.    Plaintiff was initially employed with Defendant on March 16, 1999 as a newscaster

and anchor. During the course of his employment with Defendant, he has been the victim of race based practices and of retaliation.

7.      Specifically, by way of example but not limitation, in or around the Summer of 1999, Plaintiff was called a "monkey" by a producer with Defendant. This producer held an upper level management position within Defendant and was a supervisor of Plaintiff. Thereafter, Plaintiff was made aware that other black employees with Defendant had also been called monkeys by officials affiliated with Defendant.

8.      In or around October or November, 1999, Plaintiff was told by a white official with Defendant that it "busted her butt that blacks did not take advantage of the free money", referring to scholarship money available to African Americans attending college. This supervisor with Defendant then stated that "blacks are lazy and do not take advantage of free money." Plaintiff objected to these comments by explaining his background to which the official responded that Plaintiff was an "exception."

9.      In or around December, 1999, a comment was made about a black murder suspect who had gold and green teeth. A comment was made by an official with Defendant after hearing that the suspect had green teeth that it was "collard greens" stuck in his teeth. The same murder was being discussed later and the suspect was referred to as "just another thug", implicating racial bias by the official.

10.     On another occasion sometime in late 1999, another employee/official with Defendant told a black tape operator employed with Defendant to "stop talking ebonics."

11.     After these and other reported incidents of racism within Defendant, including a statement to one of Plaintiff's co-workers that Plaintiff got his job with Defendant because he is

2

black, and after Defendant permitted racism among the employees of Defendant, ever after notice, Plaintiff notified Defendant on or around December 20, 1999 that he intended to file a charge of discrimination with the Florida Commission on Human Relations and EEOC against Defendant alleging racism. Plaintiff's charge of discrimination and reports of racism within Defendant was thereafter filed with the Florida Commission on Human Relations and EEOC on December 23, 1999 due to inaction by Defendant on the reports of racism.

12. After reporting racism and objecting to racial practices within Defendant, and after notice to Defendant that Plaintiff was objecting to these practices, Defendant took retaliatory action against Plaintiff which events of retaliation include but are not limited to the termination of Plaintiff's contract.

## COUNT I

13. Paragraphs 1 through 12 are hereby realleged and incorporated herein.

14. This action is brought under 42 U.S.C. §1981.

15. Throughout Plaintiff's employment with Defendant, he was subjected to racial practices and retaliation by Defendant, through its agents, employees and management level officials, and his contract was terminated with Defendant due at least in part to his race, black or in retaliation against him.

16. Shortly after Plaintiff made managerial level employees of Defendant aware of ongoing racial practices within Defendant, he was notified that his contract was not to be renewed. Thus, after reporting unlawful employment practices within Defendant, he was given notice that he was to be terminated, establishing a causal connection between the reporting of unlawful employment practices and the adverse personnel action.

3

17.     Defendant knew or should have known of the race discrimination and/or retaliation and failed to take prompt and adequate remedial action to correct same. Additionally, Defendant knowingly condoned and ratified the differential treatment of black employees. Defendant's known allowance and ratification of this abusive conduct created, perpetuated and facilitated an unlawful employment practices of the above referenced law.

18.     Defendant's conduct and omissions constitutes intentional discrimination and differential treatment on the basis of race within the meaning of the law set forth above.

19.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered extreme emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other fringe benefits. These damages have occurred in the past, are permanent and continuing.

20.     Plaintiff has retained the undersigned to represent his interests in this proceeding and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs associated with this action under 42 U.S.C. §1981.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, back and front pay, injunctive relief, costs, court costs, attorney's fees, and any other relief deemed just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues set forth herein which are so triable. DATED this ____ day of February, 2000.

4

Marie A. Mattox
MATTOX & HOOD, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**VESTER L. FLANAGAN,**

     Plaintiff,

vs.

**WTWC-TV, INC.,**

     Defendant.

_____/

CASE NO.: 00-418
FLA BAR NO. 0739685





FILED
3/2/2000
Dave Lang
Clerk Circuit Court
Leon County, FL

## AMENDED COMPLAINT

Plaintiff, VESTER L. FLANAGAN hereby sues WTWC, INC. d/b/a WTWC-TV and alleges:

1.    This is an action brought pursuant to 42 U.S.C. §1981 for race discrimination and retaliation.

2.    This is an action for damages that exceed Fifteen Thousand Dollars (15,000.00).

3.    Damages together with declaratory, injunctive, and equitable relief are sought under the law set forth herein. Costs and attorneys fees may be awarded under these laws as well.

4.    Plaintiff, VESTER L. FLANAGAN, is a member of a class protected by law because of his race, black. He is also a member of a protected class because he complained of unlawful employment practices in the workplace and was the victim of retaliation thereafter. At all times pertinent hereto, Plaintiff has been a resident of Leon County, Florida.

5.    At all times pertinent hereto, Defendant, WTWC, INC., was organized and existing under the laws of the State of Maryland but was conducting business in Leon County, Florida, as WTWC-TV.

6.    Plaintiff was initially employed with Defendant on March 16, 1999 as a newscaster

and anchor. During the course of his employment with Defendant, he has been the victim of race based practices and of retaliation.

7.     Specifically, by way of example but not limitation, in or around the Summer of 1999, Plaintiff was called a "monkey" by a producer with Defendant. This producer held an upper level management position within Defendant and was a supervisor of Plaintiff. Thereafter, Plaintiff was made aware that other black employees with Defendant had also been called monkeys by officials affiliated with Defendant.

8.     In or around October or November, 1999, Plaintiff was told by a white official with Defendant that it "busted her butt that blacks did not take advantage of the free money", referring to scholarship money available to African Americans attending college. This supervisor with Defendant then stated that "blacks are lazy and do not take advantage of free money." Plaintiff objected to these comments by explaining his background to which the official responded that Plaintiff was an "exception."

9.     In or around December, 1999, a comment was made about a black murder suspect who had gold and green teeth. A comment was made by an official with Defendant after hearing that the suspect had green teeth that it was "collard greens" stuck in his teeth. The same murder was being discussed later and the suspect was referred to as "just another thug," implicating racial bias by the official.

10.     On another occasion sometime in late 1999, another employee/official with Defendant told a black tape operator employed with Defendant to "stop talking ebonics."

11.     After these and other reported incidents of racism within Defendant, including a statement to one of Plaintiff's co-workers that Plaintiff got his job with Defendant because he is

2

black, and after Defendant permitted racism among the employees of Defendant, ever after notice, Plaintiff notified Defendant on or around December 20, 1999, that he intended to file a charge of discrimination with the Florida Commission on Human Relations and EEOC against Defendant alleging racism. Plaintiff's charge of discrimination and reports of racism within Defendant was thereafter filed with the Florida Commission on Human Relations and EEOC on December 23, 1999, due to inaction by Defendant on the reports of racism.

12. After reporting racism and objecting to racial practices within Defendant, and after notice to Defendant that Plaintiff was objecting to these practices, Defendant took retaliatory action against Plaintiff which events of retaliation include but are not limited to the termination of Plaintiff's contract.

## COUNT I

13. Paragraphs 1 through 12 are hereby realleged and incorporated herein.

14. This action is brought under 42 U.S.C. §1981.

15. Throughout Plaintiff's employment with Defendant, he was subjected to racial practices and retaliation by Defendant, through its agents, employees and management level officials, and his contract was terminated with Defendant due at least in part to his race, black or in retaliation against him.

16. Shortly after Plaintiff made managerial level employees of Defendant aware of ongoing racial practices within Defendant, he was notified that his contract was not to be renewed. Thus, after reporting unlawful employment practices within Defendant, he was given notice that he was to be terminated, establishing a causal connection between the reporting of unlawful employment practices and the adverse personnel action.

3

17.     Defendant knew or should have known of the race discrimination and/or retaliation and failed to take prompt and adequate remedial action to correct same. Additionally, Defendant knowingly condoned and ratified the differential treatment of black employees. Defendant's known allowance and ratification of this abusive conduct created, perpetuated and facilitated an unlawful employment practices of the above referenced law.

18.     Defendant's conduct and omissions constitutes intentional discrimination and differential treatment on the basis of race within the meaning of the law set forth above.

19.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered extreme emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other fringe benefits. These damages have occurred in the past, are permanent and continuing.

20.     Plaintiff has retained the undersigned to represent his interests in this proceeding and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs associated with this action under 42 U.S.C. §1981.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, back and front pay, injunctive relief, costs, court costs, attorney's fees, and any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues set forth herein which are so triable.

DATED this _____ day of February, 2000.

4

Marie A. Mattox
MATTOX & HOOD, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEY FOR PLAINTIFF

VESTER L. FLANAGAN,

    Plaintiff,

vs.

WTWC-TV, INC.,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, **WTWC-TV, INC.**, by and through its undersigned counsel and files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted that Plaintiff is a member of a protected class. Defendant denies that Plaintiff complained of unlawful employment practices and therefore was a victim or retaliation. Admitted that Plaintiff has been a resident of Leon County, Florida.

5. Admitted.

6. Admitted that Plaintiff was initially employed with Defendant on March 16, 1999 as a newscaster and anchor. Defendant

denies that Plaintiff has been the victim of race based practices and of retaliation.

7. Denied.

8. Denied.

9. Denied.

10. Admitted that an employee may have made similar comments to another employee, not Plaintiff. Defendant denies that such comments are relevant to, or indicative of, unlawful employment practices.

11. Denied.

12. Denied.

COUNT I

13. Defendant's response to paragraphs 1 through 12 are realleged and incorporated by reference as if fully set forth herein.

14. Admitted for jurisdictional purposes only.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant is without knowledge sufficient to form a belief as to the allegations of Paragraph 20.

21. All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

22. Defendant did not discriminate against Plaintiff with respect to the terms and conditions of his employment because of his race.

23. The alleged conduct Plaintiff allegedly opposed does not give rise to an objectively reasonable belief that the conduct amounted to racial discrimination in employment.

24. The conduct described in Plaintiff's Amended Complaint does not amount to a hostile environment or discrimination of any kind and is not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment. The alleged conduct did not alter the conditions of Plaintiff's employment.

25. Defendant had legitimate non discriminatory reasons for its actions in terminating Plaintiff's employment, including without limitation: (i) Plaintiff's performance and behavior including, Plaintiff's poor performance; Plaintiff's misbehavior with regards to co-workers; Plaintiff's failure to respond to corrective recommendations on his performance; Plaintiff's refusal to follow directions; Plaintiff's use of profanity on the premises; and, (ii) budgetary reasons: the Station was experiencing economic difficulty and it was decided in November 1999 at a corporate budget meeting that an anchor would have to be discharged.

26. Plaintiff's race had no impact on Defendant's decision to terminate Plaintiff's employment.

27. Plaintiff's alleged claims were not a determining factor that effected the decision by Defendant to discharge Plaintiff from employment.

28. Plaintiff failed to properly perform his job in a satisfactory manner.

29. Plaintiff refused to obey Defendant's directions regarding the performance of Plaintiff's work, in direct violation of his Employment Agreement.

30. Defendant was entitled, pursuant to the terms of Plaintiff's Employment Agreement with Defendant, to terminate Plaintiff's employment.

31. Defendant's decision to terminate Plaintiff's employment had no causal connection to any alleged protected activity.

32. Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities regarding any alleged discriminatory behavior in the workplace. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission, prior to notifying Defendant of any of the alleged issues raised in his Complaint.

33. Defendant exercised reasonable care to prevent and correct any discriminatory behavior within the workplace. When notified by Plaintiff of his allegations, Defendant's officials immediately and thoroughly investigated his claims and reported the result to Plaintiff. At that time Plaintiff expressed satisfaction with the actions of Defendant.

4

34. Plaintiff was hired by the same company official who made the decision to terminate Plaintiff's employment.

35. Defendant is entitled to recover its attorney's fees and costs under the applicable law and hereby makes demand therefore.

**RESPECTFULLY SUBMITTED** this 29th day of March, 2000.

GARDNER, SHELFER, DUGGAR,
BIST & WIENER, P.A.

MICHAEL P. BIST
FL/BAR ID NO.: 0306681
1300 Thomaswood Drive
Tallahassee, Florida 32312
(850) 385-0070

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by United States Mail to **MARIE A. MATTOX,** 310 East Bradford Road, Tallahassee, Florida 32303, on this 29th day of March, 2000.

MICHAEL P. BIST

5